UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NEWAGYO COUNTY 78TH DISTRICT
COURT, *et al*,

        Plaintiffs,

Case No. 1:07-CV-452

v.

Hon. Richard Alan Enslen

DARREN EDWARD DYKSTRA,

        Defendant.

**ORDER OF REMAND**

_____/

    This is a mis-captioned *pro se* suit in which Defendant Darren Edwards Dykstra attempts to remove to this District three state misdemeanor and misdemeanor traffic prosecutions pending before the Newaygo County District Court (78th District Court), case nos. 07-1412 SM, 07-1456 ST, and 07-1434-SM. (Notice of Removal 9.)[1] *See also* MCR 8.117 & 2.113(c)(1)(C) (specifying state suffix code case number system as provided by the State Court Administrator). The Application purports to remove the state law prosecutions pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331. This Application quotes extensively from authors concerning the improper exercise of jurisdiction by court authorities, in an effort to argue that Defendant's rights were trammeled by the state district court's exercise of jurisdiction. Defendant's argument about the state court's exercise of jurisdiction is premised on his legal theory that he has "revoked" his birth certificate and that the State of Michigan does not have "contractual authority" to enforce its criminal laws against him, notwithstanding his

---

[1] An Addendum to the Application also lists other state actions–a civil infraction action pending before the 78th District Court, and a personal protection action and divorce transfer action pending before the Newaygo County Circuit Court (27th Circuit Court). (Dkt. No. 10 at 1.) These matters were not, however, listed in the removal application.

presence in Michigan.[2]  Defendant's jurisdictional arguments are ironic because under the pertinent removal statute, the District Court is to promptly examine petitions to remove criminal prosecutions and summarily remand those as to which there is no removal jurisdiction.  *See* 28 U.S.C. § 1446(c)(4); Fed. R. Civ. P. 12(h)(3).  While cases in which there is possible jurisdiction warrant briefing and hearing before remand, cases in which the assertion of jurisdiction is made frivolously and without any substantial basis are to be summarily remanded.  *See Apple v. Glenn,* 183 F.3d 477, 479-80 (6th Cir. 1999); *see also State of Minn. v. Bullock*, 48 F.3d 1225, 1995 WL 72313, **1 (8th Cir. Feb. 23, 1995) (explaining that under 28 U.S.C. § 1447 matters removed without jurisdiction are to be remanded rather than dismissed).

Defendant, as the removing party, bears the burden of establishing the District Court's removal jurisdiction.  *Wellness Community-National v. Wellness House,* 70 F.3d 46, 49 (7th Cir. 1995).  Section 1441(a) permits the removal of "civil actions brought in a State court" and does not contain a jurisdictional grant as to "criminal actions."  Although Sections 1442-1443 of Title 28 of the United States Code permit removal of criminal actions in rare circumstances, *State of Mich. v. Garner,* 2006 WL 696518, *1 (W.D.Mich. Mar. 14, 2006) (citing cases), this Petition does not allege or appear to involve any such circumstance.  *See also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (explaining removal conditions for civil rights removals).  As such, summary remand is appropriate.

**THEREFORE, IT IS HEREBY ORDERED** that this matter is **REMANDED** to the District Court for the County of Newaygo, Michigan, pursuant to 28 U.S.C. § 1446(c)(4).

DATED in Kalamazoo, MI:
      June 4, 2007

 /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] These arguments are familiar to the federal courts as the type of frivolous arguments routinely made by protesters of the Federal system of taxation.  *See, e.g., United States v. Mundt,* 29 F.3d 233, 237 (6th Cir. 1994) (citing cases).